IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMMA FEQUIERE AND<br>MATTHEW BATES-FEQUIERE,<br><br>     Plaintiffs,<br><br>v.<br><br>ALABAMA STATE UNIVERSITY,<br>*et al.*,<br><br>     Defendants. | Case No. 2:12-cv-893-MEF-SRW<br>(WO—Do Not Publish) |

**ORDER**

This cause comes before the Court on the Complaint (Doc. #1) and the Notice of Motion for Order to Show Cause with Temporary Restraining Order (Doc. #2) filed by Plaintiffs Emma Fequiere and Matthew Bates-Fequiere (collectively, "Plaintiffs"), as well as each plaintiff's application for leave to proceed *in forma pauperis* (Doc. #4 & 5). In their Memorandum in Support of their Motion to Show Cause with Temporary Restraining Order, Plaintiffs ask the Court for various forms of injunctive relief.  (Doc. #3.)

Rule 65 of the Federal Rules of Civil Procedure restricts a court's ability to grant a temporary restraining order.  To overcome the restrictions contained in Rule 65, a plaintiff must make clear from "specific facts in an affidavit or a verified complaint . . . that immediate and irreparable injury, loss, or damage will result to the movant." Fed. R. Civ. P. 65(b)(1)(A).  The Eleventh Circuit has held that this requires the plaintiff to show the following: (1) a substantial likelihood of success on the merits; (2) that irreparable injury will

be suffered unless the injunction issues; (3) that the threatened injury to the moving party outweighs whatever damages the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). A temporary restraining order is "an extraordinary and drastic remedy not to be granted unless the movant clearly establishe[s] the burden of persuasion" as to each of these four elements. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998) (internal citations and quotations omitted). Even construing Plaintiffs' pleadings liberally, as the Court must do with *pro se* litigants, *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008), the Court finds that Plaintiffs have wholly failed to meet their burden of persuasion in establishing any of the above factors and, consequently, cannot meet an essential requirement of Rule 65.

Based on the foregoing, it is hereby ORDERED that the Notice of Motion for Order to Show Cause with Temporary Restraining Order (Doc. #2) is DENIED. The Court further finds that this motion is more appropriately considered a request for a preliminary injunction and a claim for permanent injunctive relief. Accordingly, it is ORDERED that this case is REFERRED to the assigned Magistrate Judge for action or recommendation on all pretrial matters.

DONE this the 17th day of October, 2012.

/s/ Mark E. Fuller
UNITED STATES DISTRICT JUDGE