IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EMMA FEQUIERE, ) | |
| MATTHEW BATES-FEQUIRE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:12cv893-MEF |
| ) | |
| ALABAMA STATE UNIVERSITY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

Plaintiffs commenced this action with a 65-page complaint asserting thirteen claims against several defendants. The complaint is a "shotgun" pleading, and the Court of Appeals for the Eleventh Circuit has made clear that a court faced with such a pleading is obliged to required a repleader. Starship Enterprises of Atlanta, Inc. v. Coweta County, Georgia, 708 F.3d 1243, 1247 n. 7 (11th Cir. 2013). Thus, on May 17, 2013, the Magistrate Judge granted the motion of the ASU defendants for a more definite statement and required plaintiffs to file an amended complaint. The order allowed plaintiffs until June 3, 2013 to do so. (Doc. # 43). On June 7, 2013, the plaintiffs executed and filed a "notice" indicating that they would, on June 21, 2013, file a motion seeking an extension of the deadline by twenty days. (Doc. # 46). The Magistrate Judge entered an order allowing plaintiffs until June 24, 2013 to comply with her order to amend. (Doc. # 47). Plaintiffs have now, for the second time, missed the deadline set by the Magistrate Judge for amendment.

"If a plaintiff fails to comply with a court order, [the Eleventh] Circuit has held that a district court may *sua sponte* dismiss the case with or without prejudice under Rule 41(b)

or its inherent powers where there is both a clear record of willful conduct and a finding that lesser sanctions are inadequate." Levinson v. WEDU-TV, 505 Fed. Appx. 919 (11th Cir. 2013); see also Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2010)("The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]'")(citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

The Magistrate Judge ordered plaintiffs to amend their complaint because, for the reasons stated in her order, the shotgun complaint unduly complicated proceedings in this court. Plaintiffs have now twice missed the court's deadline for amendment, demonstrating their willful disregard for the authority of the court to direct them in litigating their lawsuit. Plaintiffs have not sought a third deadline for amendment, and the court declines to offer them an extension *sua sponte*. The court also will not reward plaintiffs' non-compliance by proceeding in this action on the basis of the inadequate "shotgun" complaint now before the court. For this reason, no lesser sanction than a dismissal without prejudice will suffice. Accordingly, it is hereby ORDERED that the Complaint (Doc. #1) is DISMISSED WITHOUT PREJUDICE.

A separate judgment will be entered dismissing this action.

DONE this the 28th day of June, 2013.

                                                /s/ Mark E. Fuller
                                       UNITED STATES DISTRICT JUDGE